869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald L. JORDAN, Plaintiff-Appellant,
v.
D.C. MITCHENOR, Michigan Department of Corrections,
Defendants-Appellees.
 No. 87-1099.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan state prisoner appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, plaintiff sued Mitchenor, a hearing officer, and the Michigan Department of Corrections, alleging that he was denied due process when he was found guilty of major misconduct for being "out of place." Plaintiff argued that this finding of misconduct cannot stand because the prison policy he allegedly violated was invalid as it was not properly promulgated pursuant to the Michigan Administrative Procedure Act. The magistrate recommended that the complaint be dismissed, concluding that there was no federal constitutional right to have state prison rules properly promulgated under a state's administrative procedure act. The district court adopted the magistrate's report and entered summary judgment for the defendants over plaintiff's timely objections.
 
 
 3
 Upon review, we affirm the district court's dismissal. Plaintiff failed to state a claim under Sec. 1983 because no federal constitutional issue is implicated in this situation. See Walker v. Mintzes, 771 F.2d 920, 932-34 (6th Cir.1985). He also failed to state a claim under 42 U.S.C. Sec. 1985. Griffin v. Breckenridge, 403 U.S. 88, 102-3 (1971).
 
 
 4
 In addition, although the issue was raised by the plaintiff, we decline to decide whether his being out of place was major misconduct as defined under state law. As we stated in Turney v. Scroggy, 831 F.2d 135, 140 (6th Cir.1987), this court will not "interfere with the discretion of the prison authorities to define offenses under their internal rules and to assign offenses in particular cases."
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.